## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GLOBAL BROTHER SRL,

        Plaintiff,

    v.

KELLY ELIZABETH LABA a/k/a
Digital_Imran d/b/a "retrosmarket.com," and
JOHN DOES 1-10,

        Defendant(s).

C.A. No. 25-_____

## COMPLAINT

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendant(s), KELLY ELIZABETH LABA a/k/a Digital_Imran d/b/a "retrosmarket.com," and JOHN DOES 1-10, and alleges as follows:

## NATURE OF THE ACTION

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and for associated intellectual property and business violations under federal and State of Delaware law. This action is to address the unauthorized reproduction, distribution, and public display of protected works by the Defendant.

1.    Plaintiff is a worldwide publisher of popular books and titles and has invested substantial resources in creating and distributing its protected materials (i.e., books and images thereof as subject to copyright, trade dress, trademark, and related intellectual property rights).

2.    Defendant, without authorization or license, has engaged in the unauthorized dissemination of Plaintiff's works through various online platforms and other means (not limited to but including Shopify), thereby misrepresenting source, rights and misleading consumers in

this District and causing financial and reputational harm to Plaintiff.

2.      Through this action, Plaintiff seeks to protect its exclusive rights under federal and state laws and prevent further harm caused by Defendant's ongoing infringement. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and any other relief the Court deems just and proper to remedy the harm caused by Defendant's unlawful conduct.

<u>**JURISDICTION AND VENUE**</u>

3.      This Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

4.      This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

5.      This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

6.      This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) as Defendant conducts substantial business in this District, has substantial contacts in this District, and events giving rise to this action occur within this District. Defendant directs unlawful activities toward

this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

8.    Defendant is subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) counter-notice, a Defendant company located outside of the United States consents to the jurisdiction of the Federal District Court for the District of Delaware. By voluntarily submitting a counter-notice to Shopify regarding its infringing listings, the Defendant expressly consented to jurisdiction in this District.

## PARTIES

9.    Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with its principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. Plaintiff is engaged in the business of publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with books titled "No Grid Survival Projects," "Forgotten Home Apothecary," and "The Holistic Guide to Wellness," including but not limited to the books' copyrights, trade dress, and common law trademark rights.

10.    Upon reasonable belief and suspicion, Defendant KELLY ELIZABETH LABA, is an individual and as according to the five (5) DMCA counter-notices filed, purports to be located in Canada and has an address at 1351 Continental Street #2705, Vancouver V6Z 0C6.

11.    Upon information and belief, KELLY ELIZABETH LABA also goes by the alias "Digital_Imran" and that JOHN DOES 1-10, are one in the same, collectively operate as alter egos and are in the business of book sales, among other things, and have participated in, directed, or benefited from the unlawful activities described in this complaint, including the unauthorized sale, reproduction, and distribution of Plaintiff's copyrighted books. The foregoing being

collectively referred to herein in singular as the "Defendant."

12.    Defendant, through its website < retrosmarket.com > engages in unlawful sale and distribution of infringing materials, including, but not limited to, the works of Plaintiff, including but not limited to books titled "No Grid Survival Projects," "Forgotten Home Apothecary," and "The Holistic Guide to Wellness."

13.    The Defendant's website is directed to consumers in Delaware and in interstate commerce, to transmit and transport infringing materials, not limited to Plaintiff's protected unique combination of elements, copyright, trade dress, and intellectual property rights.

## FACTUAL BACKGROUND

14.    Plaintiff is the exclusive owner of all rights, title, and interest in and to books titled, The Holistic Guide to Wellness," "No Grid Survival Projects," and "Forgotten Home Apothecary," based on, but not limited to its registered copyrights, common law trademark rights, and distinctive trade dress, including:

•    TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover "No Grid Survival Projects," "Forgotten Home Apothecary," and "The Holistic Guide to Wellness" through continuous and extensive use in commerce, resulting in strong consumer recognition.

•    TRADE DRESS: Plaintiff's trade dress includes a distinctive design comprising its titles, layouts, font styles, color schemes, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the products, books, originate from Plaintiff.

•    COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations including, TX0009105852, TX0009478328, PA0002518398, and TX0009458123 for NO GRID SURVIVAL PROJECTS; TXu002445163, TXu002446715, VAu001533601, VAu001538856,

TXu002433712, PAu004249674, TXu002446167, for FORGOTTEN HOME APOTHECARY;

and TX0009246277, PA0002405925, VA0002425155, PA0002515718, TX0009455798, for

HOLISTIC GUIDE TO WELLNESS, and others. Copies of registrations are attached hereto as

**Exhibit A**.

15.    The books:

(A)    The "No Grid Survival Projects" comprises:

title "NO GRID SURVIVAL PROJECTS: How to Produce Everything You Need on Your

Property." The background is dark green and bordered on the top and bottom edges with yellow

measuring tape graphics, each displaying standard imperial ruler increments, with black endcaps.

The title is centered near the top in three lines: "NO GRID" appears in large white uppercase serif

font, "Survival Projects" is in slightly smaller yellow uppercase serif font with a subtle shadow,

and the subtitle "How to Produce Everything You Need on Your Property" is in a smaller white

sans-serif font. Below the title is a collage consisting of twelve photographic images arranged in a

four-by-three grid. The images depict various off-grid or homesteading projects including: a metal

apparatus over an open flame; a hydroponic gardening setup using white containers and PVC

piping; a solar panel positioned on a lawn; a white security camera mounted under an eave; a white

container with an attached black fan and ventilation tubing; a beige plastic sink unit integrated into

a rectangular container; three blue barrels vertically mounted in a wooden support frame; a mason

jar filled with layered dry food items; a small greenhouse structure with translucent paneling; a

wooden vertical planting structure mounted to a fence; and a freestanding wooden stall frame

situated on grass. At the bottom of the cover, four names are listed in yellow sans-serif font:

Michael Major, Amber Robinson, Claude Davis, and James Walton, separated by vertical bars.



(B)    The "Forgotten Home Apothecary" comprises:

a detailed image resembling a vintage, wooden medicine cabinet. The cabinet is crafted with a dark wooden frame that showcases intricate carvings. Inside the cabinet, there are multiple shelves filled with an assortment of bottles, jars, and containers of various shapes and sizes, labeled with different contents having variety of herbal remedies and ingredients. The labels on containers are styled in script and print. Surrounding the central banner where the book's title, "Forgotten Home Apothecary," is prominently displayed in a decorative red and gold banner, are various botanical illustrations including herbs, leaves, and twig-like elements that frame the title. Below the title, the subtitle "250 Powerful Remedies at Your Fingertips" is situated in a smaller style. The

author's name, "Nicole Apelian Ph.D.," is featured at the bottom of the cover, as in the following:



(C)     "The Holistic Guide to Wellness" comprises: a cover that has a green background with gold ornamental borders and design elements. At the top, there is a decorative gold-bordered banner containing the book title, written in large, bold, gold serif font. Above the title, there is a green icon featuring three leaves. The cover is divided into multiple sections. Below the title, there is a central image of a stylized human figure in gold with internal leaf-like illustrations overlaid on the body, symbolizing holistic wellness and natural healing. Surrounding this central figure, four photographic images are arranged in a grid format:   The top left image shows a glass jar filled with a golden liquid, possibly an herbal tincture or infused oil; The top right image depicts a close-up of a hand holding small, round, reddish-brown fruits or seeds, with

green foliage in the background; The bottom left image presents green medicinal plants growing

in a natural setting; and, The bottom right image displays three glass jars containing different

dried herbs or botanical materials. The lower section of the cover contains the subtitle "Herbal

Protocols for Common Ailments", written in gold serif font, followed by the author's name,

Nicole Apelian, Ph.D.", also in gold, as in the following:



16.     Plaintiff's books have been extensively marketed, distributed, and sold in the

United States since at least as early as 2023, generating substantial consumer recognition and

goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable

trademark rights in the content, title, design, and trade dress of the books.

17.    On or about March 21, 2025 – March 31, 2025, Plaintiff discovered Defendant

was advertising and selling counterfeit, unauthorized versions of its "No Grid Survival Projects,"

"Forgotten Home Apothecary," and "The Holistic Guide to Wellness" at

https://retrosmarket.com/. Notably, the unauthorized use included advertising content of

Plaintiff's books, such as including, but not limited to the following,






### Forgotten Home Apothecary : 250 Powerful Remedies at Your Fingertips

by Retros Market

$74.00

Quantity

− 1 +    **Add to cart**

### RetrosMarket Buyer Protection

Shop with confidence at RetrosMarket – Get your item as described or your money back on eligible orders.

## GUARANTEED SAFE CHECKOUT

          

**MONEY BACK GUARANTEE**

30 Days Money Back Guarantee

**EXCELLENT SUPPORT**

We provide 24/7 online customer support via email.

**FAST SHIPPING**

One Week Domestic Shipping In USA



### The Holistic Guide to Wellness : Herbal Protocols for Common Ailments

by Retros Market

$82.50

Quantity

− 1 +    **Add to cart**

### RetrosMarket Buyer Protection

Shop with confidence at RetrosMarket – Get your item as described or your money back on eligible orders.

## GUARANTEED SAFE CHECKOUT

          

**MONEY BACK GUARANTEE**

30 Days Money Back Guarantee

**EXCELLENT SUPPORT**

We provide 24/7 online customer support via email.

**FAST SHIPPING**

One Week Domestic Shipping In USA

Share this:
 

which images are an exact copy of  "No Grid Survival Projects," "Forgotten Home Apothecary," and "The Holistic Guide to Wellness" and replicates and mimics Plaintiff's intellectual property, including the books distinctive trade dress and copyrighted artistic elements, creating a false impression of affiliation. The fact it is a direct copying/duplicate establishes Defendant intentionally sought to mislead consumers and profit from Plaintiff's goodwill, constituting trade dress infringement, copyright infringement, and false designation of origin.

18.     To safeguard its intellectual property rights and mitigate consumer confusion, on or about March 21, 2025 – March 31, 2025, Plaintiff filed five (5) Digital Millennium Copyright Act (DMCA) takedown notices with Shopify regarding the unauthorized content (Report ID nos.: 055edd11-a230-4fb2-b24d-eebf057702d3; 0f756132-0fd8-4036-a797-0eaf7e224ecf; c6835bc0-06e7-443f-96e7-ce42e1de5fc2; 4d1b2f51-d4a0-440e-9f9f-ac6741e5730d; and edbb2b75-548d-4c82-9705-246c4687b00f). Following its complaint, the Defendants' infringing advertisements were suspended.

19.     On or about March 23, 2025- April 1, 2025, having wasted no time to investigate the claims, the Defendant began filing Counter-Notice(s), falsely claiming that the takedowns were made in error and asserting a "good faith belief" that Defendant's actions were lawful. Under Shopify's policy, the infringing advertisements may be reinstated unless Plaintiff files a federal lawsuit.

20.     On March 27, 2025, Plaintiff having been aware at the time of "No Grid Survival Projects" (Report ID: edbb2b75-548d-4c82-9705-246c4687b00f), sent correspondence to Defendant confirming Plaintiff's ownership and requesting information from Defendant in order to attempt to begin facilitating resolution and avoid litigation in the U.S. (attached as **Exhibit B**).

Rather than engaging in good-faith discussions, Defendant refused to provide any documentation supporting its claim of lawful use. Instead, Defendant filed four (4) more counter notices (attached as **Exhibit C**).

21.    Defendant's actions leave Plaintiff no alternative but to initiate this lawsuit to prevent ongoing harm and seek damages. Defendants' wrongful acts, including but not limited to copyright infringement, trademark and trade dress infringement, and false advertising, have caused irreparable harm to Plaintiff's reputation, consumer goodwill, and financial interests. Plaintiff has suffered and will continue to suffer substantial damages unless Defendant is enjoined by the court.

## CLAIMS FOR RELIEF

## COUNT I

## COPYRIGHT INFRINGEMENT

## [17 U.S.C. § 501]

22.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.    Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the books, their contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

24.    Defendant, without authorization or consent, has willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before March 21, 2025, to the present. Acts of infringement occurred after the

12

Plaintiff received its copyright registration.

25.    Defendant's actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendants infringing activities.

26.    As a direct and proximate result of the Defendants' infringing acts, the Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

27.    Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### [15 U.S.C. § 1125(a)]

28.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29.    Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiffs Trademarks").

30.    The Plaintiff's Trademarks have been in continuous use in U.S. interstate

commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

31.    Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

32.    Defendant's unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

33.    As a direct and proximate result of the foregoing acts, the Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendant's unfair competition.

34.    Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. And because Defendant's acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

## MISREPRESENTATION, COUNTER-NOTICE

## [17 U.S.C. § 512(F)]

35.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36.    Defendant knowingly and materially misrepresented their rights to distribute and

display the infringing books in the counter-notice.

37.     Defendant's false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

38.     As a result of Defendant's misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct including but not limited to having to file this complaint.

## COUNT IV

## VIOLATIONS OF DELAWARE

## DECEPTIVE TRADE PRACTICES ACT

### [6 *Del. C.* § 2531 et seq.]

39.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.     Delaware's Deceptive Trade Practices Act (DTPA), 6 Del. C. § 2531 et seq., prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

41.     Defendant engaged in conduct that violates 6 Del. C. § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. This conduct is unfair and deceptive at least because,

a.     Deceptive Representation of Origin: Defendant deliberately replicated the works, titles, texts, trade dress, and designs of Plaintiff's books, misleading consumers into believing the

infringing books are affiliated with, authorized by, or a genuine product of Plaintiff.

b.   False and Misleading Advertising: Defendant used deceptive advertisements that prominently displayed and published Plaintiff's registered copyrights, in support of procuring unauthorized sales of counterfeit versions of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

c.   Use of a Knockoff Product to Mislead Consumers: Defendant unauthorized books mimic Plaintiff's distinctive trade dress and design and allows Defendant to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's genuine books.

d.   Intentional Consumer Confusion: Defendant's tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms.

e.   Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff and priced with the intention to cause consumers to suffer financial loss and diminished trust in Plaintiff's brand.

42.   To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to:

a.   Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing books;

b.   All financial records connected to the infringing books, including revenue, expenses, and profit calculations;

c.   Design files, production records, and any related communications concerning the development or manufacture of the infringing books;

d.   Customer communications and data, including complaints, inquiries, or

feedback regarding the infringing books;

e.     Records of supplier and distributor relationships, including financial data and agreements.

43.     As a direct and proximate result of Defendant's acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic products.

44.     Plaintiff is entitled to recover actual damages incurred as a result of Defendant's unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to treble damages.

45.     Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant to 6. Del. C. § 2533(a) to prevent Defendant from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

46.     Pursuant to 6 Del. C. § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendant's conduct constitutes a willful and knowing violation of the State laws.

## COUNT V

## UNJUST ENRICHMENT

47.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48.     By capitalizing on Plaintiff's intellectual property and goodwill, Defendant

unjustly obtained and continues to obtain benefit, including but not limited to: Revenue

generated from the sale of counterfeit books; Cost savings by avoiding investment in original

design, marketing, and branding efforts; and Consumer trust and market recognition built upon

Plaintiff's established reputation.

49.    Plaintiff has suffered and continues to suffer significant harm, including Loss of

revenue and market share due to diverted sales; Reputational harm caused by consumer

confusion; and Diminished goodwill in the marketplace.

50.    Plaintiff's loss is a direct and proximate result of Defendant's conduct in

capitalizing on Plaintiff's intellectual property and goodwill.

51.    There is no justification for Defendant's conduct. Plaintiff never authorized

Defendant to use its intellectual property or to benefit from its reputation and goodwill. In

addition, Defendant knew or should have known that its actions were unauthorized, unlawful,

and performed directly at Plaintiff's expense. Prior to filing a counter-notice, the Defendant

should have investigated the dispute. Instead, with wanton disregard, Defendant filed a counter-

notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial

gain, with full knowledge it had no right to do so.

52.    Plaintiff has no adequate remedy at law to compensate it for the detriment caused

by Defendant's conduct.

## **PRAYER FOR RELEIF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants

as follows:

a.    Preliminary and permanent injunctive relief prohibiting Defendants from further

infringing, unfair competition, and deceptive practices;

b.    Statutory damages under the Lanham Act and Copyright Act;

    c.       Actual damages, including lost profits and compensation for reputational harm;

    d.       Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

    e.       Disgorgement of Defendants' profits from infringing activities;

    f.       Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505,

and/or 6 Del. C. § 2533(b);

    g.       An order requiring the destruction or forfeiture of all infringing materials in

Defendant's possession custody or control;

    h.       Restitution for unjust enrichment under Delaware law;

    i.       Pre-judgment interest at the maximum legal rate;

    j.       Post-judgment interest at the maximum legal rate;

    k.       Awarding Plaintiff the costs of this action; and

    l.       All other and further relief the Court deems just and equitable.

Dated: April 10, 2025

                    **SMITH, KATZENSTEIN & JENKINS LLP**

                    */s/ Daniel A. Taylor*
                    Neal C. Belgam (No. 2721)
                    Daniel A. Taylor (No. 6934)
                    1000 West Street, Suite 1501
                    Wilmington, DE 19801
                    (302) 652-8400
                    nbelgam@skjlaw.com
                    dtaylor@skjlaw.com

                    *Counsel for Plaintiff Global Brother SRL*