# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>Plaintiff,<br><br>v.<br><br>KELLY ELIZABETH LABA a/k/a Digital_Imran d/b/a "retrosmarket.com," and JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 25-447-MN |

**[PROPOSED] DEFAULT JUDGMENT AND ORDER OF INJUNCTION**

Before the Court is the Motion for Default Judgment and Order of Injunction (D.I. ___) filed by Plaintiff Global Brother SRL ("Global Brother"). The Clerk of Court entered default against Defendant Kelly Elizabeth Laba a/k/a Digital_Imran d/b/a retrosmarket.com ("Laba" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(a) on March 5, 2026. (D.I. 13). Defendant was served in Canada under Article 6 of the Hague Service Convention (D.I. 11), has failed to appear, plead, or otherwise defend, and Plaintiff filed proof of service of the Clerk's Entry of Default. (D.I. 14).

Global Brother now moves under Rule 55(b)(2) for default judgment on Count I of the Amended Complaint, copyright infringement under 17 U.S.C. § 501, together with statutory damages under 17 U.S.C. § 504(c)(1), and further enhancement as permitted by § 504(c)(2) based on Defendant's willful infringement, a permanent injunction, destruction of infringing materials, attorneys' fees and costs, and post-judgment interest. Global Brother requests dismissal without prejudice of Counts II-V and John Does 1-10.

Federal Rule of Civil Procedure 65(d) requires every injunction to state the reasons it issued, state its terms specifically, and describe in reasonable detail the acts restrained or required. The Court makes the following findings and enters judgment accordingly.

**I. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A. Findings of Fact**

1. Global Brother SRL is a Romanian Societate cu Răspundere Limitată engaged in publishing and distributing books in the United States and internationally. (D.I. 9, at ¶ 10).

2. Defendant Kelly Elizabeth Laba is an individual whose DMCA counter-notices list an address in Vancouver, British Columbia, Canada, and who operated or acted through Digital_Imran and retrosmarket.com in connection with the conduct alleged in the Amended Complaint. (D.I. 9, at ¶¶ 11-13; DeFrancesco Decl. Ex. C).

3. Defendant expressly consented in the DMCA counter-notices at issue to jurisdiction in the United States District Court for the District of Delaware and agreed to accept service from the takedown claimant or its agent. (D.I. 9, at ¶ 9; DeFrancesco Decl., at ¶¶ 10-11 & Ex. C).

4. Defendant was served in Canada under Article 6 of the Hague Service Convention on September 8, 2025. (D.I. 11). Defendant did not answer, appear, plead, or otherwise defend. The Clerk entered default against Defendant on March 5, 2026. (D.I. 13). Plaintiff thereafter served the Clerk's Entry of Default on April 9, 2026 and filed proof of service on April 28, 2026. (D.I. 14).

5. Global Brother owns copyright rights in three distinct books: (a) NO GRID SURVIVAL PROJECTS; (b) FORGOTTEN HOME APOTHECARY; and (c) THE HOLISTIC GUIDE TO WELLNESS (the "Works"). (D.I. 9, at ¶¶ 10, 15-16, 24). The Amended Complaint identifies multiple copyright registrations associated with the Works. Exhibit A to the DeFrancesco Declaration includes Copyright Office records for three of those registrations: TX0009105852 for NO GRID SURVIVAL PROJECTS, TXu002446715 for FORGOTTEN HOME APOTHECARY:

250 Powerful Remedies at Your Fingertips, and TX0009246277 for THE HOLISTIC GUIDE TO WELLNESS. (D.I. 9, at ¶ 15; DeFrancesco Decl., at ¶ 5 & Ex. A).

6. The Amended Complaint alleges that the acts of infringement at issue occurred after Global Brother received its copyright registrations. Each of the three registration records included in Exhibit A has an effective registration date preceding the accused conduct alleged and evidenced against Defendant. (D.I. 9, at ¶ 25; DeFrancesco Decl., at ¶ 5 & Ex. A).

7. Defendant, without authorization, reproduced, displayed, distributed, advertised, and/or offered for sale unauthorized copies or displays of the Works through Retros Market, retrosmarket.com, Shopify-related services, and/or shop.app. (D.I. 9, at ¶¶ 13-14, 18, 25; DeFrancesco Decl., at ¶ 6 & Ex. B).

8. The record shows a separate accused commercial listing for each Work: NO GRID SURVIVAL PROJECTS at $85.80, FORGOTTEN HOME APOTHECARY at $74.00, and THE HOLISTIC GUIDE TO WELLNESS at $82.50. (DeFrancesco Decl., at ¶ 6 & Ex. B).

9. Defendant represented after receiving notice of Global Brother's claims that the accused products had been removed, that the counter-notices would be withdrawn, and that Defendant would cease the challenged activity. (DeFrancesco Decl., at ¶ 9 & Ex. D).

10. On September 12, 2025, four days after Defendant was formally served with this action on September 8, 2025, Defendant submitted another counter-notice concerning the accused material under penalty of perjury. (D.I. 9, at ¶ 3; D.I. 11; DeFrancesco Decl., at ¶¶ 11, 13 & Ex. C).

11. Defendant thereafter failed to appear or participate in this litigation, preventing Global Brother from obtaining discovery concerning Defendant's sales, revenues, profits, suppliers, and fulfillment sources. (DeFrancesco Decl., at ¶ 12).

**B. Conclusions of Law**

**1. Default Judgment**

"Before entering a default judgment, the Court must decide whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Insight Invs., LLC v. Bos. Mkt. Corp.*, No. 23-CV-1077-GBW, 2024 WL 1637320, at *2 (D. Del. Apr. 16, 2024) (*quoting Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)) (other citations omitted); *see also Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 433 (E.D. Pa. 2015).

**a. The unchallenged facts constitute a legitimate causes of action**

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Count I arises under the Copyright Act, 17 U.S.C. §§ 101 et seq. Based on Defendant's express consent reflected in the counter-notices and the other facts alleged in the Amended Complaint, the Court has personal jurisdiction over Defendant. Venue is proper under 28 U.S.C. §§ 1391(c)(3) and 1400(a).

The well-pleaded facts establish copyright infringement under 17 U.S.C. § 501 because Global Brother owns the copyrights and Defendant violated Global Brother's exclusive rights under 17 U.S.C. § 106 without authorization.

**b. The *Chamberlain* Factors Support Default Judgment**

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see Eden Foods, Inc. v. George*, No. CV 22-409-RGA, 2023 WL 2926592, at *2 (D. Del. Apr. 13, 2023) (applying the *Chamberlain* factors when a defendant has not appeared),

*report and recommendation adopted,* No. CV 22-409-RGA, 2023 WL 3275765 (D. Del. May 5, 2023).

The *Chamberlain* factors support entry of default judgment in favor of Global Brother and against Defendant. "When a district court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *PPG Indus. Inc v. Jiangsu Tie Mao Glass Co. Ltd*, 47 F.4th 156, 161 (3d Cir. 2022) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Global Brother would be prejudiced absent default judgment because Defendant has failed to appear or otherwise defend despite service, leaving Global Brother without an effective means to obtain relief. No litigable defense appears from the record, and Defendant's failure to participate after receiving notice of Global Brother's claims and formal service of this action constitutes culpable conduct. Taking the well-pleaded factual allegations in the Amended Complaint as true, and for the reasons discussed above, Global Brother has established Defendant's liability for copyright infringement.

**c. The unchallenged facts show that Defendant's conduct was willful**

Defendant's infringement was willful. Defendant participated repeatedly in the DMCA takedown/counter-notice process, received direct notice of Global Brother's claim, was sued and served, and thereafter submitted another counter-notice on September 12, 2025 under penalty of perjury. (D.I. 9, at ¶¶ 3, 19-22, 25-26; DeFrancesco Decl., at ¶¶ 7-13 & Exs. C-D). This conduct establishes actual knowledge or, at minimum, reckless disregard of Global Brother's rights.

**d. Section 412 Does Not Bar Statutory Damages or Attorneys' Fees**

The Amended Complaint identifies multiple copyright registrations associated with the Works and alleges that the acts of infringement at issue occurred after Global Brother received its copyright registrations. (D.I. 9, at ¶¶ 15, 25). Exhibit A to the DeFrancesco Declaration includes

Copyright Office records for three of the registrations associated with the Works, each having an effective registration date preceding the accused conduct. (DeFrancesco Decl., at ¶ 5 & Ex. A). The record contains no allegation or evidence that Defendant's infringement commenced before the registrations on which Global Brother relies for its statutory-damages election. Accordingly, 17 U.S.C. § 412 does not bar recovery of statutory damages or attorneys' fees on the record before the Court.

**e. The unchallenged facts support statutory damages**

Global Brother has elected statutory damages under 17 U.S.C. § 504(c)(1) and seeks enhancement under Section 504(c)(2) based on Defendant's willful infringement. The three books are three distinct Works for purposes of the requested award. Global Brother seeks one statutory award for each Work and does not seek separate awards for multiple registrations or component registrations associated with a single book.

The circumstances warrant an award of $30,000 for each Work, totaling $90,000. That amount represents the maximum ordinary statutory award under 17 U.S.C. § 504(c)(1). Because Defendant's infringement was willful, Section 504(c)(2) further authorizes the Court, in its discretion, to increase the statutory award up to $150,000 per Work.

The record supports the requested award and permits further enhancement in the Court's discretion based on Defendant's actual notice of Global Brother's infringement claims, repeated use of the DMCA counter-notice process, representations that the accused products would remain removed and the counter-notices would be withdrawn, submission of another sworn counter-notice only four days after formal service of this action, and subsequent failure to appear or participate in discovery. Defendant's nonappearance has also prevented Global Brother from obtaining discovery concerning sales, revenues, profits, suppliers, and fulfillment sources. (DeFrancesco Decl., at ¶¶ 9, 11-13 & Exs. C-D).

**f. Permanent Injunctive and Destruction Relief Is Warranted**

Global Brother satisfies the four requirements for permanent injunctive relief under 17 U.S.C. § 502(a). The Court does not presume irreparable harm from infringement alone. Global Brother actively publishes and distributes the Works, and Defendant's September 12, 2025 counter-notice—submitted after this action was filed and only four days after Defendant was served on September 8, 2025—demonstrates a concrete risk of renewed unauthorized commercial exploitation notwithstanding Defendant's earlier representations that the products would remain removed and the counter-notices would be withdrawn. (D.I. 9, at ¶ 3; DeFrancesco Decl., at ¶¶ 9, 11, 13 & Exs. C-D). A monetary award addresses past infringement but does not restrain the demonstrated mechanism by which Defendant sought reinstatement of the accused listings. The balance of hardships favors Global Brother because the injunction is limited to the three Works and to infringing conduct and materials under Defendant's control and does not prevent Defendant from operating a lawful business or selling noninfringing products. The public interest likewise favors the tailored relief because Global Brother itself publishes and distributes the Works, and the injunction restrains unauthorized exploitation without suppressing the Works or depriving the public of lawful access. Global Brother is entitled to destruction and reasonable disposition of infringing copies and reproduction materials under 17 U.S.C. § 503(b).

**g. Attorneys' Fees and Costs Are Warranted**

Global Brother is the prevailing party on Count I. The Court finds an award of reasonable attorneys' fees appropriate under 17 U.S.C. § 505, with the amount to be established by timely application under Federal Rule of Civil Procedure 54(d)(2). Allowable costs may be sought and taxed separately in accordance with 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d)(1), and D. Del. LR 54.1.

## II. DEFAULT JUDGMENT

1. DEFAULT JUDGMENT is entered in favor of Plaintiff Global Brother SRL and against Defendant Kelly Elizabeth Laba a/k/a Digital_Imran d/b/a retrosmarket.com on Count I of the Amended Complaint for copyright infringement under 17 U.S.C. § 501.
2. Defendant's infringement is FOUND TO BE WILLFUL.
3. Global Brother is AWARDED statutory damages under 17 U.S.C. § 504(c)(1) in the fixed amount of $90,000.00, consisting of $30,000.00 for infringement of NO GRID SURVIVAL PROJECTS, $30,000.00 for infringement of FORGOTTEN HOME APOTHECARY, and $30,000.00 for infringement of THE HOLISTIC GUIDE TO WELLNESS. Pursuant to Section 504(c)(2), the Court may further enhance the award in its discretion up to $150,000.00 per Work, or $450,000.00 in the aggregate.
4. Global Brother is AWARDED reasonable attorneys' fees under 17 U.S.C. § 505, in an amount to be determined upon timely application. Global Brother may file its application establishing the amount of attorneys' fees within fourteen (14) days after entry of this Judgment, or within such other period as the Court orders. Allowable costs may be sought and taxed in accordance with 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d)(1), and D. Del. LR 54.1.
5. Global Brother is AWARDED post-judgment interest on the $90,000.00 statutory-damages award at the rate provided by 28 U.S.C. § 1961, accruing from the date of entry until paid.

## III. PERMANENT INJUNCTION

Pursuant to 17 U.S.C. § 502(a) and Federal Rule of Civil Procedure 65(d), Defendant Kelly Elizabeth Laba a/k/a Digital_Imran d/b/a retrosmarket.com, and Defendant's officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with Defendant and who receive actual notice of this Judgment, are PERMANENTLY ENJOINED from directly or indirectly:

a. reproducing, copying, distributing, displaying, or creating derivative works from NO GRID SURVIVAL PROJECTS, FORGOTTEN HOME APOTHECARY, or THE HOLISTIC GUIDE TO WELLNESS (the "Works") in violation of Global Brother's exclusive rights under the Copyright Act, or advertising, promoting, offering for sale, selling, importing, licensing, or transferring infringing copies of the Works, including infringing reproductions of protected text, cover artwork, photographs, images, and other copyrightable expression embodied in the Works;

b. using retrosmarket.com, Retros Market, Shopify, shop.app, any Shopify-enabled storefront, or any other website, marketplace, storefront, social-media account, sales channel, or online service under Defendant's ownership or control to display, advertise, list, offer, sell, distribute, or promote infringing copies of the Works;

c. causing, inducing, aiding, assisting, or materially participating with any person or entity in conduct prohibited by paragraphs (a) or (b); and

d. retaining for further commercial exploitation any infringing digital listing, advertising image, product page, or reproduction file for the Works.

## IV. REMOVAL AND DESTRUCTION

Within fourteen (14) days after entry of this Judgment, Defendant shall remove and keep removed all infringing listings, advertisements, product pages, images, and digital content under Defendant's possession, custody, control, or operation that infringe Global Brother's copyrights in the Works.

Within fourteen (14) days after entry of this Judgment, Defendant shall destroy or deliver up for destruction all infringing physical copies, digital copies, source files, artwork files, listing images, masters, templates, and other articles in Defendant's possession, custody, or control by

means of which infringing copies of the Works may be reproduced, displayed, advertised, distributed, or sold, to the extent such materials exist. 17 U.S.C. § 503(b).

**V. DISMISSAL OF REMAINING CLAIMS AND PARTIES**

Counts II, III, IV, and V of the Amended Complaint are DISMISSED WITHOUT PREJUDICE. All claims against John Does 1-10 are DISMISSED WITHOUT PREJUDICE. This Judgment resolves all claims and parties in this action.

**VI. RETENTION OF JURISDICTION**

The Court retains jurisdiction to enforce this Default Judgment and Order of Injunction, including through contempt proceedings, and to determine Global Brother's timely application for attorneys' fees.

This is a FINAL JUDGMENT.

SO ORDERED this ____ day of __________________, 2026.

_______________________________________
Hon. Maryellen Noreika
United States District Judge