**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GLOBAL BROTHER SRL,

Plaintiff,

v.

KELLY ELIZABETH LABA a/k/a Digital_Imran d/b/a "retrosmarket.com," and JOHN DOES 1-10,

Defendants.

C.A. No. 25-447-MN

**PLAINTIFF GLOBAL BROTHER SRL'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND ORDER OF INJUNCTION**

*Of Counsel:*

Jason L. DeFrancesco
**DEFRANCESCOLAW**
174 Nassau Street | P.O. Box 325
Princeton, NJ 08542
(910) 256-7377
jasond@defrancesco.law

Dated: September 18, 2026

**SMITH, KATZENSTEIN & JENKINS LLP**
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*

# TABLE OF CONTENTS

I. Nature and Stage of Proceedings ........ 1
II. Summary of Argument ........ 2
III. Statement of Facts ........ 2
A. Global Brother and the Copyrighted Works ........ 2
B. Defendant's Infringing Conduct and DMCA Counter-Notices ........ 3
C. Service and Default ........ 5
IV. Legal Standards ........ 5
A. Default Judgment ........ 5
B. Permanent Injunction ........ 6
V. Argument ........ 6
A. Jurisdiction, Venue, Service, and Default Are Established ........ 6
B. The Unchallenged Facts Establish Copyright Infringement ........ 7
C. The Chamberlain Factors Support Default Judgment ........ 8
D. Statutory Damages of $90,000 Are Warranted, and Further Enhancement Is Authorized for Willful Infringement ........ 8
E. A Permanent Injunction and Destruction Order Are Warranted ........ 11
F. Attorneys' Fees and Costs Should Be Awarded ........ 12
G. Dismissal of Remaining Claims and Doe Defendants ........ 13
VI. Conclusion ........ 13

# TABLE OF AUTHORITIES

## Cases

*Chamberlain v. Giampapa*,
210 F.3d 154 (3d Cir. 2000)....................2, 5, 8

*Compendia Songs v. On Top Communications, LLC*,
C.A. No. 04-252-GMS, 2004 WL 2898070 (D. Del. Nov. 15, 2004) ....................10

*eBay Inc. v. MercExchange, L.L.C.*,
547 U.S. 388 (2006)....................6

*Feist Publications, Inc. v. Rural Telephone Service Co.*,
499 U.S. 340 (1991)....................7

*Freddy S.p.A. v. Kalai*,
C.A. No. 20-628-MN, 2022 WL 1411690 (D. Del. Apr. 28, 2022),
Report and recommendation adopted,
2022 WL 2915765 (D. Del. July 25, 2022) ....................6, 8, 12

*Insight Investments, LLC v. Boston Market Corp.*,
C.A. No. 23-1077-GBW, 2024 WL 1637320 (D. Del. Apr. 16, 2024) ....................5

*Lieb v. Topstone Industries, Inc.*,
788 F.2d 151 (3d Cir. 1986) .................... 13

*Ottomanson, Inc. v. UCAI, LLC*,
C.A. No. 19-8775-KM, 2020 WL 205945 (D.N.J. Jan. 10, 2020) ....................6, 12

*PPG Industries Inc. v. Jiangsu Tie Mao Glass Co. Ltd.*,
47 F.4th 156 (3d Cir. 2022) ....................5, 8, 10

*TD Bank N.A. v. Hill*,
928 F.3d 259 (3d Cir. 2019)....................6, 11, 12

*Webloyalty.com, Inc. v. Consumer Innovations, LLC*,
388 F. Supp. 2d 435 (D. Del. 2005)....................7, 10, 13

## Statutes

17 U.S.C. § 106....................7
17 U.S.C. § 410(c) ....................7
17 U.S.C. § 501....................1, 7
17 U.S.C. § 502....................6, 14
17 U.S.C. § 503....................12, 14
17 U.S.C. § 504(c) .................... 1-2, 8, 9, 11, 14

17 U.S.C. § 505 .......... 2, 9, 12-14
17 U.S.C. § 412 .......... 9
28 U.S.C. § 1331 .......... 6
28 U.S.C. § 1338(a) .......... 6
28 U.S.C. § 1391(c)(3) .......... 7
28 U.S.C. § 1400(a) .......... 7
28 U.S.C. § 1961 .......... 14

**Rules**

D. Del. LR 9.4 .......... 9
D. Del. LR 54.1 .......... 2, 13-14
Federal Rule of Civil Procedure 54 .......... 2, 13-14
Federal Rule of Civil Procedure 55 .......... 5, 7, 14
Federal Rule of Civil Procedure 65 .......... 12, 14

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff Global Brother SRL ("Global Brother") publishes and distributes three books at issue in this action: NO GRID SURVIVAL PROJECTS, FORGOTTEN HOME APOTHECARY, and THE HOLISTIC GUIDE TO WELLNESS (collectively, the "Works"). The operative Amended Complaint alleges that Defendant Kelly Elizabeth Laba a/k/a Digital_Imran d/b/a retrosmarket.com ("Laba" or "Defendant") reproduced, displayed, distributed, advertised, and offered unauthorized copies of the Works through Retros Market, retrosmarket.com, and Shopify-related channels. (D.I. 9, at ¶¶ 10, 13-20, 24-28).

Global Brother filed this action on April 10, 2025. (D.I. 1). After Defendant submitted an additional DMCA counter-notice during the pendency of the action, Global Brother filed the Amended Complaint on September 30, 2025. (D.I. 9, at ¶ 3). Defendant was served in Canada under Article 6 of the Hague Service Convention on September 8, 2025. (D.I. 11). The Amended Complaint was filed and notice was served on Defendant by email on September 30, 2025. (D.I. 9-5; D.I. 13, at ¶ 5). Defendant did not answer, appear, or otherwise defend, and the Clerk entered default on March 5, 2026. (D.I. 13). Plaintiff thereafter served the Clerk's Entry of Default on April 9, 2026 and filed proof of that service on April 28, 2026. (D.I. 14).

Global Brother now seeks default judgment on Count I, copyright infringement under 17 U.S.C. § 501, together with statutory damages of $90,000—$30,000 for each of the three Works—under 17 U.S.C. § 504(c)(1), and, upon a finding of willfulness, further enhancement in the Court's discretion under § 504(c)(2), a finding of willfulness, permanent injunctive and destruction relief, attorneys' fees and costs, and post-judgment interest. Global Brother does not seek monetary recovery on Counts II-V in this Motion and requests that those counts and the claims against John Does 1-10 be dismissed without prejudice so that the judgment resolves all claims and parties.

## II. SUMMARY OF ARGUMENT

1. The well-pleaded allegations, taken as true on default, establish a legitimate copyright-infringement claim. Global Brother owns registered copyrights in each of the three Works, and Defendant offered unauthorized reproductions of each Work for commercial sale.

2. The procedural prerequisites to default judgment are satisfied. Defendant expressly consented to jurisdiction in this District in each DMCA counter-notice, was served, failed to respond, and remains in default. The *Chamberlain* factors favor judgment because Global Brother otherwise cannot obtain final relief, Defendant has presented no litigable defense, and the record shows repeated notice followed by nonappearance.

3. Global Brother elects statutory damages under 17 U.S.C. § 504(c). It seeks one award for each of three distinct Works—not separate awards for component registrations. Global Brother requests $30,000 for each of the three Works—the maximum ordinary statutory award authorized by § 504(c)(1)—for a total award of $90,000. Because Defendant's infringement was willful, the Court may further enhance that award in its discretion under § 504(c)(2), up to $150,000 per Work.

4. A permanent injunction and destruction order are warranted because Defendant's repeated use of the DMCA counter-notice process, including a counter-notice submitted after suit and after service, demonstrates a concrete risk of recurrence. Global Brother also seeks reasonable attorneys' fees under 17 U.S.C. § 505, with the amount to be established by a timely Rule 54(d)(2) application, and allowable costs under § 505, Rule 54(d)(1), and D. Del. LR 54.1.

## III. STATEMENT OF FACTS

### A. Global Brother and the Copyrighted Works

Global Brother is a Romanian Societate cu Răspundere Limitată engaged in publishing, selling, distributing, and advertising books in the United States and internationally. (D.I. 9, at

¶ 10). The Amended Complaint identifies the three Works and alleges Global Brother's ownership of the copyrights in each. (D.I. 9, at ¶¶ 10, 15-16, 24).

The accompanying Declaration of Jason L. DeFrancesco ("DeFrancesco Decl.") includes as Exhibit A Copyright Office registration records for three registrations associated with the Works. Those records identify Global Brother as copyright claimant for: NO GRID SURVIVAL PROJECTS, Reg. No. TX0009105852, effective April 8, 2022; FORGOTTEN HOME APOTHECARY: 250 Powerful Remedies at Your Fingertips, Reg. No. TXu002446715, effective August 30, 2024; and THE HOLISTIC GUIDE TO WELLNESS, Reg. No. TX0009246277, effective April 3, 2023. (D.I. 9, at ¶ 15; DeFrancesco Decl., at ¶ 5 & Ex. A). The Amended Complaint also identifies multiple additional registrations covering additional protected expression associated with the Works. (D.I. 9, at ¶ 15).

**B. Defendant's Infringing Conduct and DMCA Counter-Notices**

The Amended Complaint alleges that, between approximately March 21 and March 31, 2025, Global Brother discovered Defendant advertising and offering unauthorized versions of all three Works through retrosmarket.com. (D.I. 9, at ¶ 18). Exhibit B to the DeFrancesco Declaration contains the three accused listings. The listings reproduce the titles and covers of the Works and offer them for commercial purchase at separate prices: NO GRID SURVIVAL PROJECTS for $85.80, FORGOTTEN HOME APOTHECARY for $74.00, and THE HOLISTIC GUIDE TO WELLNESS for $82.50. (DeFrancesco Decl., at ¶ 6 & Ex. B).

Global Brother submitted five DMCA takedown notices to Shopify concerning the unauthorized listings. (D.I. 9, at ¶ 19). Shopify removed or suspended the challenged content and Defendant submitted five counter-notices seeking reinstatement: one dated March 27, 2025 and four dated April 1, 2025. (DeFrancesco Decl., at ¶¶ 7, 10 & Ex. C). Each counter-notice identifies

Kelly Elizabeth Laba and support@retrosmarket.com, consents to jurisdiction in the District of Delaware, agrees to accept service from the takedown claimant or its agent, and contains a declaration under penalty of perjury and Defendant's electronic signature. (*Id.*).

On March 27, 2025, Global Brother's counsel wrote to Defendant at the email address provided in the counter-notice concerning Global Brother's rights and the dispute. (D.I. 9, at ¶ 21; DeFrancesco Decl., at ¶ 8 & Ex. D). Defendant responded on March 28 that the products had been removed permanently and would never be reposted. (*Id.*, at ¶ 9 & Ex. D). After Global Brother received notice of four additional counter-notices on April 1, Defendant stated on April 5 that it had requested withdrawal of all counter-notices and would cease advertising, reproducing, distributing, or selling Global Brother titles. Defendant also stated it had no physical inventory and had not sold Global Brother books, but supplied no supporting source, sales, revenue, or profit records. (*Id.*).

Global Brother filed this action on April 10, 2025. (D.I. 1). On September 12, 2025—more than five months after suit had been filed and four days after Defendant was served in Canada on September 8, 2025—Defendant submitted a sixth Shopify counter-notice. (D.I. 9, at ¶ 3; DeFrancesco Decl., at ¶¶ 11, 13 & Ex. C). The post-suit and post-service counter-notice again identifies Kelly Elizabeth Laba and support@retrosmarket.com, again consents to jurisdiction in this District, again agrees to accept service, and again contains Defendant's declaration under penalty of perjury and electronic signature. (DeFrancesco Decl., at ¶ 11 & Ex. C).

Because Defendant has never appeared or participated in the litigation, Global Brother has been unable to obtain discovery regarding units sold, revenues, profits, suppliers, fulfillment sources, or the records necessary to test Defendant's unsupported pre-suit assertions. (DeFrancesco Decl., at ¶ 12).

### C. Service and Default

Defendant was served in Canada under Article 6 of the Hague Service Convention on September 8, 2025. (D.I. 11). After the Amended Complaint was filed on September 30, 2025, notice was served on Defendant by email. (D.I. 9-5; D.I. 13, at ¶ 5). Defendant did not answer, appear, or otherwise defend. (D.I. 13, at ¶ 6). The Clerk entered default under Rule 55(a) on March 5, 2026. (D.I. 13). Plaintiff thereafter served the Clerk's Entry of Default on April 9, 2026 and filed proof of that service on April 28, 2026 (D.I. 14).

## IV. LEGAL STANDARDS

### A. Default Judgment

Rule 55 establishes a two-step process: entry of default under Rule 55(a), followed, in cases that are not for a sum certain that the Clerk may enter, by an application to the Court for default judgment under Rule 55(b)(2). Fed. R. Civ. P. 55. Before entering judgment, the Court must determine that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Insight Invs., LLC v. Bos. Mkt. Corp.*, C.A. No. 23-1077-GBW, 2024 WL 1637320, at *2 (D. Del. Apr. 16, 2024) (citation omitted).

On default, the well-pleaded factual allegations concerning liability are taken as true, but allegations concerning the amount of damages are not. *PPG Indus. Inc. v. Jiangsu Tie Mao Glass Co. Ltd.*, 47 F.4th 156, 161 (3d Cir. 2022). The Court also considers "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

### B. Permanent Injunction

Section 502(a) authorizes final injunctions "on such terms as it may deem reasonable to prevent or restrain infringement." 17 U.S.C. § 502(a). A party seeking a permanent injunction must

show irreparable injury, inadequacy of legal remedies, that the balance of hardships favors equitable relief, and that the injunction will not disserve the public interest. *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Under TD Bank, "a moving party must show that it will suffer irreparable harm that is causally attributable to the challenged infringement." *Id.* at 280 (citations omitted). In the context of a default judgment, where the defendant does not respond and the plaintiff cannot quantify its damages, this Court has recognized that the equitable factors generally weigh in favor of injunctive relief. *Freddy S.p.A. v. Kalai*, C.A. No. 20-628-MN, 2022 WL 1411690, at *3 (D. Del. Apr. 28, 2022) (citing *Ottomanson, Inc. v. UCAI, LLC*, C.A. No. 19-8775-KM, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020)), report and recommendation adopted, 2022 WL 2915765 (D. Del. July 25, 2022). Injunctive relief is appropriate in that context where liability has been established, and the record demonstrates that future violations are likely. *Id.*

## V. ARGUMENT

### A. Jurisdiction, Venue, Service, and Default Are Established

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because Count I arises under the Copyright Act. Personal jurisdiction is independently established by Defendant's repeated written consent. The Amended Complaint alleges, and the counter-notices confirm, that Defendant—whose listed address is in Canada—consented to jurisdiction in the United States District Court for the District of Delaware and agreed to accept service from the party that submitted the DMCA takedown notice or its agent. (D.I. 9, at ¶¶ 9, 11; DeFrancesco Decl., at ¶¶ 10-11 & Ex. C).

Venue is proper under 28 U.S.C. §§ 1391(c)(3) and 1400(a), including because Defendant is not resident in the United States and expressly consented to this District in the counter-notices giving rise to this dispute. The docket also establishes the Rule 55 prerequisites: service is reflected

at D.I. 11; Defendant failed to respond; the Clerk entered default at D.I. 13; and Plaintiff filed proof of service of the Clerk's Entry at D.I. 14.

**B. The Unchallenged Facts Establish Copyright Infringement**

To establish copyright infringement under 17 U.S.C. § 501, a plaintiff must prove ownership of a valid copyright and copying of original constituent elements of the work, including violation of the exclusive rights in 17 U.S.C. § 106. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A registration certificate made before or within five years after first publication constitutes prima facie evidence of the validity of the copyright and the facts stated in the certificate. 17 U.S.C. § 410(c); *see also Webloyalty.com, Inc. v. Consumer Innovations, LLC*, 388 F. Supp. 2d 435, 440 (D. Del. 2005) ("Copyright registrations are prima facie evidence of validity of the copyrights and ownership of the copyrighted material." (citation omitted)).

The Amended Complaint alleges Global Brother's ownership of the copyrights in the three Works. (D.I. 9, at ¶¶ 10, 15-16, 24). Exhibit A includes three Copyright Office registration records identifying Global Brother as copyright claimant. The Amended Complaint identifies multiple additional registrations associated with the Works. (DeFrancesco Decl., at ¶ 5 & Ex. A). The Amended Complaint further alleges that Defendant, without authorization, reproduced, displayed, distributed, advertised, and offered unauthorized copies of the Works through retrosmarket.com and Shopify-related services. (D.I. 9, at ¶¶ 13-14, 18, 25). Exhibit B shows a separate commercial listing for each Work reproducing its recognizable cover and title and offering it for purchase. (DeFrancesco Decl., at ¶ 6 & Ex. B). Defendant's default admits these well-pleaded liability facts. *See PPG Indus.*, 47 F.4th at 161 ("When a district court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as

true.'" (citation omitted)). Count I therefore states a legitimate cause of action for copyright infringement.

**C. The Chamberlain Factors Support Default Judgment**

All three *Chamberlain* factors favor judgment. First, Global Brother will be prejudiced if default judgment is denied because Defendant's nonappearance leaves Global Brother without final relief or an effective means to enforce its copyrights against Defendant. *See Freddy*, 2022 WL 1411690, at *2 ("Plaintiff will be prejudiced by its inability to enforce its copyright if the motion is denied, and the Defaulting Defendants will likely continue to infringe Plaintiff's copyright."(citation omitted)). Second, Defendant has not appeared to present any litigable defense. Third, Defendant's nonappearance is culpable: the record reflects direct correspondence, six signed counter-notices, service under the Hague Convention, entry and service of default, and no defense. (D.I. 9, Exs. B-D; D.I. 11; D.I. 13-14; DeFrancesco Decl., at ¶¶ 7-13 & Exs. C-D).

**D. Statutory Damages of $90,000 Are Warranted, and Further Enhancement Is Authorized for Willful Infringement**

Global Brother elects statutory damages under 17 U.S.C. § 504(c). Section 504(c)(1) authorizes an award, "with respect to any one work," of not less than $750 and not more than $30,000 as the Court considers just. If infringement is willful, § 504(c)(2) permits the Court, in its discretion, to increase the award up to $150,000 per Work. Global Brother requests $30,000 for each of the three distinct books—the maximum ordinary statutory award under § 504(c)(1)—for a total award of $90,000. Because Defendant's infringement was willful, the Court may further enhance that award in its discretion under Section 504(c)(2), up to $150,000 per Work. Global Brother does not seek a separate award for each related registration or component registration associated with a single book.

The requested relief is within the scope of the Amended Complaint. Count I alleges willful infringement and expressly seeks statutory damages under Section 504(c), attorneys' fees under Section 505, and injunctive and destruction relief. (D.I. 9, at ¶¶ 24-28 & Prayer for Relief). Local Rule 9.4 directs that a pleading seeking unliquidated damages specify the nature of the damages claimed but not a specific sum. D. Del. LR 9.4(a). The relief requested here—a $90,000 statutory-damages award, with further enhancement authorized under Section 504(c)(2) upon a finding of willfulness—is within the enhanced statutory relief pleaded and authorized by Section 504(c).

Section 412 does not bar Global Brother's election of statutory damages or its request for attorneys' fees. The Amended Complaint identifies multiple copyright registrations associated with the Works and expressly alleges that the acts of infringement at issue occurred after Global Brother received its copyright registrations. (D.I. 9, at ¶¶ 15, 25). Global Brother discovered Defendant advertising and offering unauthorized versions of the Works in March 2025. (*Id.* at ¶ 18). Exhibit A to the DeFrancesco Declaration includes Copyright Office records for three of the registrations associated with the Works, each having an effective registration date preceding the accused conduct. (DeFrancesco Decl., at ¶ 5 & Ex. A). The record contains no allegation or evidence that Defendant's infringement commenced before the registrations on which Global Brother relies for its statutory-damages election. Accordingly, Section 412 presents no bar on the record before the Court.

Although damages are not admitted by default, the record supports the requested amount. See *PPG Indus.*, 47 F.4th at 161. "An award of statutory damages serves two purposes. It compensates the plaintiff for the infringement of its copyright while, at the same time, serving as a deterrent by punishing the defendant for its unlawful conduct." *Webloyalty.com*, 388 F. Supp. 2d at 442 (internal brackets and quotation marks omitted) (citing *Compendia Songs v. On Top*

*Commc'ns, LLC*, C.A. No. 04-252-GMS, 2004 WL 2898070, at *4 (D. Del. Nov. 15, 2004)). In *Webloyalty.com*, following trial, the Court awarded $25,000 for each of two infringed works after considering blameworthiness, deterrence, the defendant's revenue, and the absence of proven lost revenues, even though no actual damages were shown. *Id.* at 442-43.

The circumstances here support $30,000 per Work. Defendant commercially offered each of the three Works in a separate listing and at a separate price. (DeFrancesco Decl., at ¶ 6 & Ex. B). Defendant received direct notice of the dispute, used the DMCA counter-notice procedure five times before suit, and submitted a sixth signed counter-notice after this federal action had been filed. (*Id.*, at ¶¶ 7-11 & Exs. C-D). Defendant then failed to appear, preventing Global Brother from obtaining discovery regarding sales, revenues, profits, suppliers, and fulfillment sources. (*Id.*, at ¶ 12).

The same record supports a finding of willfulness. Copyright infringement is willful when the infringer knows that its conduct is infringing or recklessly disregards that possibility; willfulness may be inferred from conduct. *Webloyalty.com*, 388 F. Supp. 2d at 441. At minimum, Defendant had actual notice of Global Brother's infringement claim before suit was filed (DeFrancesco Decl., at ¶¶ 8-9 & Ex. D) and was formally served with the action on September 8, 2025 (D.I. 11; DeFrancesco Decl., at ¶ 13). Nevertheless, only four days after service, Defendant submitted another counter-notice under penalty of perjury seeking reinstatement of affected content. (D.I. 9, at ¶ 3; DeFrancesco Decl., at ¶¶ 11, 13 & Ex. C). That affirmative post-service conduct, following Defendant's earlier representations that the products would remain removed and that the counter-notices would be withdrawn, supports at minimum a finding of reckless disregard of Global Brother's rights. The Court should therefore find Defendant's infringement willful and award statutory damages of $90,000—$30,000 for each of the three Works. Upon that

finding of willfulness, Global Brother further respectfully asks the Court to exercise its discretion under Section 504(c)(2) to enhance that award as it deems just, up to $150,000 per Work.

### E. A Permanent Injunction and Destruction Order Are Warranted

The four equitable factors favor a permanent injunction. Global Brother does not rely on a presumption of irreparable harm from infringement alone. Unlike the copyright holder in *TD Bank*, which "d[id] not sell, license, or even use the infringed work and ha[d] no intention of ever doing so," *TD Bank*, 928 F.3d at 280, Global Brother actively publishes, sells, and distributes the Works (D.I. 9, at ¶ 10). Defendant's September 12, 2025 post-suit and post-service counter-notice demonstrates a concrete risk of recurrence rather than a completed, isolated event. The counter-notice was submitted only four days after Defendant was served in Canada on September 8, 2025, notwithstanding Defendant's prior representations that the accused products would remain removed and that the counter-notices would be withdrawn. (D.I. 9, at ¶ 3; DeFrancesco Decl., at ¶¶ 9, 11, 13 & Exs. C-D). Thus, the threatened injury is not merely an abstract loss of the right to exclude; Defendant's repeated efforts to restore unauthorized commercial listings threaten recurrence of unauthorized distribution through channels in which Global Brother commercially exploits the Works. A one-time statutory-damages award addresses past infringement but, without an injunction, leaves no forward-looking restraint against the demonstrated mechanism of recurrence. The balance of hardships favors Global Brother because the proposed injunction is limited to the three Works and requires only cessation of infringement and removal of infringing listings under Defendant's control; it does not prevent Defendant from operating a lawful business or selling noninfringing products. The public interest likewise favors relief. The circumstances that caused the public-interest factor to weigh against an injunction in *TD Bank* are absent here. There, the copyright owner did not sell, license, or use the infringed work and had no intention of doing

so, and the injunction would have deprived the public of lawful access to the work. *See TD Bank*, 928 F.3d at 280, 284-86. Here, by contrast, Global Brother actively publishes and distributes the Works. The proposed injunction therefore does not suppress the Works or deprive the public of lawful access; it restrains only Defendant's unauthorized commercial exploitation. Moreover, in the default-judgment context, *Freddy* recognized that injunctive relief is appropriate where future violations are likely. 2022 WL 1411690, at *3. *See also Ottomanson,* 2020 WL 205945, at *4 (recognizing that an injunction preventing infringement deprives the defendant of no lawful entitlement).

The proposed injunction is tailored to Rule 65(d). It identifies the three Works, prohibits Defendant and persons bound under Rule 65(d)(2) who receive actual notice from engaging in conduct that infringes Global Brother's copyrights in the Works, and requires removal of infringing listings under Defendant's control. It does not impose freestanding obligations on Shopify or other nonparties outside Rule 65(d)(2). Section 503(b) separately authorizes "the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights" and articles used to reproduce them. 17 U.S.C. § 503(b).

**F. Attorneys' Fees and Costs Should Be Awarded**

Section 505 permits the Court, in its discretion, to award allowable costs and reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505. In exercising that discretion, courts consider nonexclusive factors including "frivolousness, motivation, objective unreasonableness . . . and the need in the particular circumstances to advance considerations of compensation and deterrence." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986). In *Webloyalty.com*, following trial, the Court awarded attorneys' fees after finding willful infringement and concluding

that an award was appropriate under Section 505. 388 F. Supp. 2d at 443. Those considerations favor an award here. Defendant's conduct required Global Brother to file suit, complete Hague service, obtain default, serve the Clerk's Entry, and prepare this motion while Defendant declined to participate. The record also reflects repeated notice of Global Brother's rights, Defendant's representations that the challenged activity would cease, and a further sworn counter-notice submitted after suit and formal service. Compensation and deterrence therefore support an award of fees. Global Brother therefore requests that the Court determine its entitlement to reasonable attorneys' fees under Section 505 and permit the amount to be established by a timely Rule 54(d)(2) application after judgment. Allowable costs should be taxed separately in accordance with 17 U.S.C. § 505, Federal Rule of Civil Procedure 54(d)(1), and D. Del. LR 54.1.

### G. Dismissal of Remaining Claims and Doe Defendants

Global Brother seeks judgment in this Motion only on Count I. The copyright claim supplies the monetary and equitable relief presently sought from this defaulting Defendant without requiring adjudication of alternative federal and state theories. To ensure that the judgment resolves the entire action, Global Brother requests dismissal without prejudice of Counts II-V and dismissal without prejudice of John Does 1-10. Global Brother seeks no monetary recovery on the dismissed counts in this Motion.

## VI. CONCLUSION

For the foregoing reasons, Global Brother respectfully requests that the Court enter default judgment against Kelly Elizabeth Laba on Count I; find the infringement willful; award statutory damages under 17 U.S.C. § 504(c)(1) in the amount of $90,000, consisting of $30,000 for each of the three Works, and, upon a finding of willfulness, exercise its discretion under Section 504(c)(2) to enhance that award further as the Court deems just; enter the proposed permanent injunction and destruction/removal relief under 17 U.S.C. §§ 502-503 and Rule 65(d); determine that Global

Brother is entitled to reasonable attorneys' fees under Section 505, with the amount to be established under Rule 54(d)(2); award allowable costs in accordance with Section 505, Rule 54(d)(1), and D. Del. LR 54.1; award post-judgment interest under 28 U.S.C. § 1961; dismiss Counts II-V and John Does 1-10 without prejudice; and grant such further relief as the Court deems just and proper.

The existing record, DeFrancesco Declaration, and grouped Exhibits A-D provide a sufficient written basis to determine liability, statutory damages, and equitable relief. If the Court concludes that additional evidence or a hearing is necessary under Rule 55(b)(2), Global Brother respectfully requests an opportunity to supplement the record or present that evidence.

Dated: September 18, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

*Of Counsel:*

Jason L. DeFrancesco
**DEFRANCESCOLAW**
174 Nassau Street | P.O. Box 325
Princeton, NJ 08542
(910) 256-7377
jasond@defrancesco.law

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*