**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GLOBAL BROTHER SRL,<br><br>Plaintiff,<br><br>v.<br><br>KELLY ELIZABETH LABA a/k/a Digital_Imran d/b/a "retrosmarket.com," and JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 25-447-MN |

**DECLARATION OF JASON L. DEFRANCESCO IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ORDER OF INJUNCTION**

I, Jason L. DeFrancesco, declare as follows:

1. I am an attorney admitted pro hac vice for Plaintiff Global Brother SRL ("Global Brother") in this action. I have represented Global Brother in connection with this dispute since before suit was filed and have personal knowledge of the matters stated below through my work on the matter, my communications in the enforcement process, and my review and maintenance of the case file and docket. If called as a witness, I could and would testify competently to these matters.

2. Global Brother filed this action on April 10, 2025. The operative Amended Complaint was filed on September 30, 2025 as D.I. 9 after Defendant Kelly Elizabeth Laba a/k/a Digital_Imran d/b/a retrosmarket.com ("Defendant") submitted a sixth DMCA counter-notice on September 12, 2025, during the pendency of this action and four days after Defendant was served in Canada on September 8, 2025.

3. The Amended Complaint concerns three separate books published by Global Brother: NO GRID SURVIVAL PROJECTS, FORGOTTEN HOME APOTHECARY, and THE HOLISTIC GUIDE TO WELLNESS (the "Works"). The Works have different titles, cover artwork, and content and were separately offered for sale in the accused Retros Market listings.

4. The Amended Complaint identifies multiple United States copyright registrations associated with the Works. D.I. 9 ¶ 15. The Amended Complaint alleges that the acts of infringement at issue occurred after Global Brother received its copyright registrations. D.I. 9 ¶ 25.

5. Attached as Exhibit A are true and correct copies of United States Copyright Office registration records maintained in the case file for three registrations associated with the Works: NO GRID SURVIVAL PROJECTS, Reg. No. TX0009105852, effective April 8, 2022; FORGOTTEN HOME APOTHECARY: 250 Powerful Remedies at Your Fingertips, Reg. No. TXu002446715, effective August 30, 2024; and THE HOLISTIC GUIDE TO WELLNESS, Reg. No. TX0009246277, effective April 3, 2023. Each of those effective registration dates predates the accused conduct alleged and evidenced against Defendant. The operative pleading also identifies multiple additional registrations covering protected expression associated with the Works. D.I. 9 ¶ 15, incorporated herein.

6. Attached as Exhibit B are true and correct copies of screenshots of the accused online listings maintained in the case file. They show separate Retros Market / shop.app product listings reproducing the titles and covers of each of the three Works and offering them for purchase, including NO GRID SURVIVAL PROJECTS for $85.80, FORGOTTEN HOME APOTHECARY for $74.00, and THE HOLISTIC GUIDE TO WELLNESS for $82.50.

7. Between approximately March 21 and March 31, 2025, Global Brother submitted five separate DMCA takedown notices to Shopify concerning unauthorized Retros Market listings. Shopify removed or suspended the challenged content and notified Global Brother of five counter-notices seeking reinstatement: one counter-notice dated March 27, 2025 and four counter-notices dated April 1, 2025.

8. On March 27, 2025, on Global Brother's behalf I sent an email to Defendant at support@retrosmarket.com, the email address provided in the counter-notice, providing written notice concerning Global Brother's rights and the dispute and advising that federal action would be required if the matter was not resolved. Attached as Exhibit D are true and correct copies of relevant correspondence maintained in the case file, including my March 27 communication, Defendant's March 28 response, my April 1 and April 4 follow-up communications, and Defendant's April 5 response. The correspondence reflects demands that Defendant withdraw the counter-notices and cease advertising, reproducing, distributing, or selling Global Brother titles, together with Defendant's subsequent representations concerning removal, cessation, inventory, and sales.

9. In a March 28, 2025 response, Defendant stated that the products had been removed permanently and would never be reposted. In an April 5, 2025 response, Defendant stated that it had requested withdrawal of all counter-notices and would cease advertising, reproducing, distributing, or selling Global Brother titles. Defendant also stated that it had no physical inventory and had not sold Global Brother books. Global Brother did not receive confirmation from Shopify that the counter-notices had been withdrawn, and Defendant did not provide supporting source, sales, revenue, or profit records. (Ex. D.) Notwithstanding those representations, Defendant later submitted another counter-notice on September 12, 2025, more

than five months after this action was filed and four days after Defendant was served in Canada on September 8, 2025.

10. Attached as Exhibit C are true and correct copies of the Shopify counter-notice records previously filed with the Amended Complaint as D.I. 9-2, 9-3, and 9-4. The records include the five pre-suit counter-notices described above. Each identifies Kelly Elizabeth Laba and support@retrosmarket.com, states that Defendant consents to jurisdiction in the United States District Court for the District of Delaware because the listed address is outside the United States, states that Defendant will accept service from the party who submitted the DMCA takedown notice or its agent, and contains a declaration under penalty of perjury and Kelly Elizabeth Laba's electronic signature.

11. Exhibit C also includes a September 12, 2025 Shopify counter-notice submitted after this action was filed and four days after Defendant was served in Canada on September 8, 2025. It identifies additional shop.app and retrosmarket.com listings and Report ID 812220ba-60f7-474e-a81c-09d0e18660e1. It again identifies Kelly Elizabeth Laba and support@retrosmarket.com, consents to jurisdiction in the District of Delaware, agrees to accept service, and contains a declaration under penalty of perjury and Kelly Elizabeth Laba's electronic signature.

12. Because Defendant has never appeared or participated in this action, Global Brother has not been able to obtain discovery from Defendant regarding the number of units sold, revenues, profits, suppliers, fulfillment sources, or other financial information concerning the accused listings and the six counter-notices. Global Brother also has not been able to test through discovery Defendant's pre-suit assertions concerning inventory or sales.

13. Defendant was served in Canada under Article 6 of the Hague Service Convention on September 8, 2025. (D.I. 11.) Four days later, on September 12, 2025, Defendant submitted the sixth counter-notice described above. The Clerk entered default against Defendant on March 5, 2026. (D.I. 13.) Plaintiff thereafter served the Clerk's Entry of Default, and filed proof of that service on April 28, 2026. (D.I. 14.) Defendant has not appeared or responded.

14. The exhibits accompanying this Declaration are submitted in one grouped PDF. Exhibit A contains the three Copyright Office registration records included with this Declaration and the corresponding book-cover ; Exhibit B contains the three accused listings; Exhibit C contains the five pre-suit and one post-suit Shopify counter-notice records; and Exhibit D contains the March 27, 2025 direct notice the subsequent follow-up correspondence, and Defendant's March 28 and April 5, 2025 written responses concerning removal, cessation, withdrawal of counter-notices, inventory, and sales.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 17, 2026, at Princeton, New Jersey.

________________________________________

Jason L. DeFrancesco