SMITH KATZENSTEIN JENKINS LLP

***Via CM/ECF***

September 18, 2026

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19
Room 4324
Wilmington, DE 19801-3555

**Re:** *Global Brother SRL v. Laba et al.*, C.A. No. 25-447-MN
*Response to September 11, 2026 Order to Show Cause (D.I. 16)*

Dear Judge Noreika:

Plaintiff Global Brother SRL respectfully submits this letter in response to the Court's September 11, 2026 Order to Show Cause (D.I. 16). Plaintiff respectfully requests that the action not be dismissed for failure to prosecute. Concurrently with this letter, Plaintiff is filing its Motion for Default Judgment and Order of Injunction. Those filings advance the case toward final resolution against the defaulting Defendant.

The Third Circuit has identified six factors relevant to dismissal for failure to prosecute: personal responsibility, prejudice, history of dilatoriness, willfulness or bad faith, alternative sanctions, and the meritoriousness of the claim. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "The court must balance the factors and need not find that all of them weigh against plaintiff to dismiss the action." *Gillis v. Pierce*, 320 F.R.D. 123, 124-25 (D. Del. 2017) (citation omitted). Here, they weigh against dismissal.

**First and second,** Global Brother has actively pursued the action and Defendant has not been prejudiced by the timing of the default application. The record does not reflect that Global Brother itself was personally responsible for the interval preceding the present application. Global Brother filed suit, pursued service in Canada under the Hague Service Convention, amended after Defendant submitted an additional DMCA counter-notice, obtained the Clerk's entry of default on March 5, 2026 (D.I. 13), and served that default on April 9, 2026 (D.I. 14). Defendant has never appeared or defended. Although there was an interval before the present

Rule 55(b)(2) application, nothing in the record suggests that Global Brother abandoned its claims, and the additional time has not impaired Defendant's ability to present a defense.

**Third and fourth,** the record does not reflect a pattern of dilatoriness, repeated disregard of Court orders, or willful or bad-faith failure to prosecute. The present filing addresses the concern underlying the Order to Show Cause. This is materially different from *Gillis*, where the plaintiff had taken virtually no action for an extended period and then failed to respond to both a dispositive motion and a motion to dismiss for lack of prosecution. *Gillis*, 320 F.R.D. at 124–25.

**Fifth and sixth,** dismissal is unnecessary because the case can proceed directly to resolution on the concurrently filed default-judgment motion. The present filing demonstrates that no sanction is necessary to ensure continued prosecution of the action and, in any event, dismissal would be substantially more severe than necessary to address the interval preceding the application. Further, the copyright claim is facially meritorious under the *Poulis* standard. The operative pleading alleges ownership of copyrights in three Works and unauthorized commercial reproduction, display, distribution, advertising, and offers for sale; the supporting record includes copyright registrations, the accused listings, the DMCA counter-notices, proof of service, and the Clerk's entry of default. Under these facts, "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869–70. Allowing the default application to proceed is the narrower course and permits resolution on the developed record.

For these reasons, Global Brother respectfully requests that the Court discharge the Order to Show Cause and permit the action to proceed on Plaintiff's concurrently filed Motion for Default Judgment and Order of Injunction.

Respectfully submitted,

*/s/ Daniel A. Taylor*

Daniel A. Taylor (No. 6934)
*Counsel for Plaintiff Global Brother SRL*